WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Schultz, | No. CV-22-00977-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Mary Schultz's Application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") by the Social Security Administration ("SSA") under the Social Security Act ("the Act").[1] Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 19), Defendant Social Security Administration Commissioner's Response Brief (Doc. 22), and Plaintiff's Reply Brief (Doc. 23). The Court has reviewed the briefs, Administrative Record (Doc. 16, "R."), and the Administrative Law Judge's ("ALJ") decision (R. at 54-66) and affirms the ALJ's decision for the reasons addressed herein.

**I.    BACKGROUND**

---

[1] The relevant DIB and SSI regulations in this case are virtually identical, and the Court cites only the DIB regulations in the Order. Parallel SSI regulations are found in 20 C.F.R. §§ 416.900-416.999 and correspond with the last two digits of the DIB citation (e.g., 20 C.F.R. § 404.1520 corresponds with 20 C.F.R. § 416.920).

Plaintiff protectively filed applications for SSI and DIB on November 28, 2017, for a period of disability beginning on November 23, 2017. Plaintiff's claims were denied initially on April 9, 2018, and upon reconsideration on June 29, 2018. (R. at 54). Plaintiff testified before an ALJ in a video hearing regarding her claims on March 5, 2020. (*Id.*) The ALJ denied her claims on April 1, 2020. (R. at 54-66). On April 8, 2022, the Appeals Council denied her request for review of the ALJ's decision. (R. at 1-7). On June 6, 2022, Plaintiff filed this action seeking judicial review. (Doc. 1).

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon consideration of the medical records and opinions, the ALJ evaluated Plaintiff's alleged disability based on the severe impairments of degenerative disc disease, fibromyalgia, asthma, chronic obstructive pulmonary disease (COPD), trigger fingers, and venous insufficiency (R. at 56).

Ultimately, the ALJ evaluated the medical evidence and opinions and concluded that Plaintiff was not disabled. (R. at 65). The ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 58). Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" with certain function limitations and concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. at 59, 65).

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.

*Id*. To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id*. As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five–step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(c). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(d). If so, the claimant is automatically found to be disabled. *Id*. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(e). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(g). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

### III.   ANALYSIS

Plaintiff raises two arguments for the Court's consideration: (1) whether Plaintiff's symptom testimony was erroneously rejected, and (2) whether the ALJ properly considered the assessment of treating physician, Rachel Sy, D.O. (Doc. 19 at 1-2). Plaintiff requests

this Court to remand the case for an award of benefits. (Doc. 19 at 23-24).

**A. The ALJ did not err in rejecting Plaintiff's symptom and pain testimony.**

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence to reject Plaintiff's symptom testimony. (Doc. 19 at 17-23.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015.

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings regarding the Plaintiff's credibility are insufficient. *Id*. "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, "an ALJ [is not] required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" *Id*. (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff asserted that she has been unable to work because of pain, fatigue, weakness, numbness, and spasms that affect her ability to stand, walk, sit, lift, manipulate objects, and follow instructions. (R. at 60). Plaintiff testified that her impairments prevented her from sitting for significant periods, standing for more than fifteen minutes, walking more than twenty-five feet, and concentrating for more than five minutes. (R. at 60, 568, 809, 840).

The ALJ considered the level of Plaintiff's medical issues and found that her "…impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (R. at 60). The ALJ then cited to specific examples in the record to support her findings. Plaintiff, however, argues that the ALJ failed to provide specific, clear, and convincing reasons to reject Plaintiff's symptom testimony. (Doc. 19 at 17-23). The Court does not agree with Plaintiff's arguments. The ALJ appropriately relied on medical evidence that did not corroborate the Plaintiff's allegations as only one reason to discount her testimony. Although this could not be the ALJ's sole consideration, it is a permissible one. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ also pointed to Plaintiff's conservative treatment and daily activities as additional reasons for discrediting Plaintiff's symptom testimony. (R. at 61).

Plaintiff's first argument implies that the ALJ relied on the severity of the symptoms to reject her symptom testimony. (Doc. 19 at 18). Plaintiff's argument is misplaced. The ALJ did not require proof of the severity of Plaintiff's symptoms; however, the ALJ is also not required to believe every allegation of pain made by the Plaintiff. "The Court does not read the ALJ's 'not entirely consistent' statement [ ] as requiring Plaintiff to fully corroborate her symptom testimony with objective medical evidence. Instead, the ALJ's statement merely notes that the record contains conflicting evidence." *McPherson v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08202-PCT-JAT, 2021 WL 3709845, at *7 (D. Ariz. Aug. 20, 2021).

The ALJ's discussion regarding Plaintiff's physical impairments noted that medical imaging of Plaintiff's spine showed significant degenerative changes, but it was largely mild to moderate in nature and stable. (R. at 1007-09, 1016-17, 1110, 1208, 1336-39, 1706-09). Some examinations revealed Plaintiff had a slightly antalgic gait with the occasional use of a cane to ambulate, but the record also demonstrated that Plaintiff had full range of motion, a steady gait, 5/5 strength and normal reflexes. (R. at 60, 931, 981, 1080-81, 1220, 1302, 1552, 1557, 2002). During an examination on February 20, 2018, Plaintiff exhibited 18 out of 18 tender points. (R. at 60, 1026-27). Yet, an examination on February 20, 2018, noted that Plaintiff could rise from a seated position, walk, stoop, stand on one foot and climb onto the exam table. (R. at 60, 1024). Additionally, the ALJ discussed that Plaintiff's pulmonary function test demonstrated a mild obstructive ventilatory defect and cardiopulmonary examinations were normal. (R. at 60, 910, 1139-40, 1501, 1734). Plaintiff self-described her respiratory condition as well-controlled. (R. at 61, 1023). Finally, with regards to Plaintiff's trigger fingers and venous insufficiency, the ALJ remarked that Plaintiff underwent successful corrective surgeries and had normal grip strength, sensation, reflexes, fine motor skills, and testing revealed she could pick up small coins, write her name and other information, and screw a nut onto a bolt with both hands. (R. at 61, 1025, 1354-1437). A January 3, 2020, bilateral upper extremity electromyography (EMG) was unremarkable. (R. at 61, 1087, 1092, 1096, 1132, 1266, 1549, 1901). Clearly, the record exposes conflicting evidence between the Plaintiff's testimony and the treatment notes, but it is the ALJ's responsibility "'for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Plaintiff argues the ALJ did not explain why symptoms that supported her testimony were less important than symptoms the ALJ believed did not, and this omission failed to invalidate the symptom testimony. (Doc. 19 at 19). The ALJ is not required to mechanically specify each allegation that every piece of medical evidence undermined. Grouping the medical evidence with the allegations they undermined was sufficient. *See Brown-Hunter*, 806 F.3d at 492.

Plaintiff argues that the ALJ made no effort to connect the discussion of the medical evidence to any specific inconsistency in Plaintiff's symptom testimony. (Doc. 19 at 19). The Court is not persuaded by Plaintiff's argument. The ALJ set forth a summary of Plaintiff's allegations that illustrated her physical impairments and then discussed the specific medical evidence from the record that contradicted those allegations. If an ALJ's decision is made "with less than ideal clarity, a reviewing court will not upset the decision on that account if [his] path may reasonably be discerned." *Alaska Dept. of Edvtl. Conservation v. E.P.A.,* 540 U.S. 461, 497 (2004); *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (applying this standard to social security). The Court finds the ALJ has met her burden in providing sufficient explanations to support her decision. The ALJ's reasoning is discernible and is clearly supported by the medical evidence. Plaintiff's arguments only seek to offer alternative interpretations of the evidence, which the Court does not support. *See Burch*, 400 F.3d at 679.

The ALJ also considered the conservative course of treatment as a factor in the non-disability determination. (R. at 61). This was a proper consideration by the ALJ. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (indicating that if a claimant has only received conservative treatment, this is a proper reason for the ALJ to discount his symptom testimony). Plaintiff contends that the ALJ did not discuss what alternative treatments the ALJ thought would have been appropriate for Plaintiff's conditions. (Doc. 19 at 21). Plaintiff's argument is misplaced as it is not part of an ALJ's duty to provide alternative treatment methods. ALJ's may not usurp the role of doctors when considering the medical evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017). Further, Plaintiff reported that her symptoms improved with medications, physical therapy, injections, and a TENS unit. (R. at 60, 567, 1022, 1092, 1301). The ALJ also discussed that Plaintiff did not require hospitalizations or aggressive treatments and providers only recommended elevation of her feet and the use of compression socks to treat venous symptoms. (R. at 61, 1979). The ALJ may consider "whether the claimant takes medication or undergoes other treatment for the symptoms." *Lingenfelter*, 504 F.3d at 1040; *see* 20

C.F.R. § 404.1529(c)(3). "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

In consideration of Plaintiff's daily living activities, the ALJ noted that Plaintiff's daily activity level was not consistent with her alleged limitations. (R. at 61). Plaintiff takes issue with the use of her daily activities used as a means to disbelieve her symptoms. (Doc. 19 at 21). The ALJ cited Plaintiff's ability to live alone and manage her own personal care, prepare meals, perform household chores, drive and ride in a car, shop, manage her finances, read and watch television, care for pets, spend time with others, and attend religious services. (R. at 61). "Even where those [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *Molina*, 674 F.3d at 1113. The ALJ also cited Plaintiff's missed doctor appointments in May/June 2019 due to a vacation and a failure to follow-up with an orthopedic surgeon because she was doing home renovations. (R. at 61, 1305, 2005). Plaintiff argues the record does not detail how she fared on the trip or what the house "re-do" meant. (Doc. 19 at 22). Plaintiff's argument misses the mark. The evidence infers that Plaintiff chose to pursue other activities over obtaining recommended medical care. As the ALJ points out, Plaintiff was not as limited as suggested to be consistent with a finding of disability. (R. at 61).

Although Plaintiff's main argument would like the Court to find that the ALJ failed to identify specific, clear, and convincing evidence that contradicted her testimony, the Court does not agree. (Doc. 19 at 22-23). Given the scope of the record, the ALJ properly relied upon objective medical evidence to find Plaintiff's allegations were inconsistent with the record, the conservative treatment for her impairments, and daily activities to discount Plaintiff's symptom testimony. As stated previously, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas*, 278 F.3d at 954. Therefore, the Court finds the ALJ did not err in rejecting Plaintiff's pain and symptom testimony. The ALJ provided

specific, clear, and convincing reasons to dismiss Plaintiff's claims and those reasons were supported by substantial evidence.

**B.  The ALJ properly considered the medical opinion evidence.**

Plaintiff argues that the ALJ erred in her assessment of treating physician, Rachel Sy, D.O., by failing to explain the supportability and consistency factors required to be supported by substantial evidence. (Doc. 19 at 11-17).

Plaintiff applied for disability benefits after March 27, 2017, and is subject to the new set of regulations for evaluating evidence from medical providers. *See* 20 C.F.R. § 416.920c. The new regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical opinions. The new regulations state:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.[2]

The Ninth Circuit confirmed that the "recent changes to the Social Security Administration's regulations displace our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons for rejecting an examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Thus, "the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies. Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by

---

[2] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and the specialization of the provider. 20 C.F.R. § 416.920c.

- 9 -

substantial evidence." *Id*. However, "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings." *Id*. at 792.

In the present case, Dr. Sy submitted two separate check-box medical source statements in January 2018 and August 2018. (R. at 1342-44, 1345-50). Dr. Sy opined that Plaintiff could sit for thirty minutes at a time, for a total of four hours in an eight-hour workday, stand for fifteen minutes at a time, for a total of less than two hours, could lift ten pounds occasionally and less than ten pounds frequently, and would be absent from work more than two times per month. (R. at 63, 1342-50). The ALJ found Dr. Sy's opinion unpersuasive. (R. at 63). The ALJ observed the check-box questionnaires lacked supporting explanations and documentation to substantiate Dr. Sy's opinions. (R. at 63). Plaintiff argues the ALJ's conclusion finding Dr. Sy's assessment unpersuasive was not supported with substantial evidence. (Doc. 19 at 14-15). However, "[w]e have held that the ALJ may 'permissibly reject []…check-off reports that [do] not contain any explanation of the bases of their conclusions.'" *Molina*, 674 F.3d at 1111-12 (citations omitted). The ALJ determined that although Dr. Sy had the benefit of examining the Plaintiff, she failed to support her opinions with detailed explanations and specific objective evidence to form her medical conclusions. (R. at 63). This is an acceptable reason the ALJ may rely on to determine the assessment was unpersuasive.

The ALJ also believed Dr. Sy's opinion was inconsistent with the weight of the medical record, treatment history, and Plaintiff's daily living activities. (R. at 63). Plaintiff contends that this rationale is insufficient to support the ALJ's reasoning because it is not specific enough to discern the ALJ's path. (Doc. 19 at 13). The Court is not persuaded by Plaintiff's argument. The Court thoroughly discussed in earlier portions of this Order that the ALJ sufficiently examined the medical record, treatment history, and daily activity evidence in question and provided specific examples when she considered Plaintiff's

symptom testimony. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing [ ] inferences from the ALJ's opinion. It is proper for us to read the paragraph discussing [] findings and opinion[s], and draw inferences relevant to [other] findings and opinion[s], if those inferences are there to be drawn."). The ALJ outlined Plaintiff's limitations in her decision and compared Plaintiff's allegations of pain to the medical evidence in the record, the treatment history, and her daily activities. The ALJ also articulated how persuasive she found all of the medical opinions, explained her reasoning, and addressed the supportability and consistency factors. The regulations specifically state that, "it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record… We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(b)(1). The regulations illustrate that an ALJ does not need to convey their consideration behind every limitation finding in a medical opinion.

Plaintiff also takes issue with the ALJ's sentence that "Dr. Sy was not able to consider additional evidence that became available after she offered her opinions" because the ALJ relied on opinions from state agency doctors with the same defect. (Doc. 19 at 15, R. at 63). However, Plaintiff's blanket assertion fails to provide specific citations as to which state agency opinions suffer the same "defect" and what specific evidence is called into question because of this issue. The Court finds the addition of this sentence in no way diminishes the ALJ's decision regarding the Plaintiff and should its inclusion have been in error; it would not change the outcome of the ALJ's disability findings and is therefore harmless error. *See Molina*, 674 F.3d at 1115 (error is harmless when it is negligible to the nondisability determination).

Plaintiff's final argument asserts that since Dr. Sy was a treating provider, it's "common-sense reality" that a treating doctor's opinion is more reliable than a non-examining provider's medical opinion. (Doc. 19 at 15). However, as stated above, the new regulations no longer afford any deference to one treating source over another. The two

most important factors for an ALJ to consider are consistency and supportability. The ALJ clearly discussed how persuasive she found each medical opinion and articulated sufficient reasons based upon the consistency and supportability factors to validate her nondisability finding. Ultimately, Plaintiff takes issue with the ALJ's interpretation of the evidence and asserts that her interpretation of the evidence is a better alternative. However, the ALJ's conclusion must be upheld. *See Thomas*, 278 F.3d at 954. The Court finds the ALJ provided substantial evidence to sufficiently support her decision.

## IV. CONCLUSION

The Court finds that substantial evidence supports the Commissioner's nondisability determination. The ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence, and properly considered the medical opinion evidence of record. Therefore, the Court finds that the ALJ did not err in her decision, which is based on substantial evidence. The Court need not reach the merits of Plaintiff's request to remand for an award of benefits since the Court finds a remand is unwarranted.

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

DATED this 31st day of August, 2023.

Honorable John Z. Boyle
United States Magistrate Judge